IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

      Plaintiff,

  v.

LA DONNA REWA DUNCAN,

      Defendant.
                                    /

No. C 09-03900 WHA

**ORDER TO SHOW CAUSE**

On August 25, 2009, plaintiff Malinka Moye filed seven actions which were related before the undersigned, including the above-captioned action. The seven actions are as follows:

| | |
|---|---|
| C-09-3892 WHA | Malinka Moye v. City and County of San Francisco |
| C-09-3895 WHA | Malinka Moye v. Ratana Jiraittewanna |
| C-09-3896 WHA | Malinka Moye v. Red Oak Realty |
| C-09-3897 WHA | Malinka Moye v. Lydia Dianne Baca and Rachale Young |
| C-09-3899 WHA | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |
| C-09-3900 WHA | Malinka Moye v. La Donna Rewa Duncan |
| C-09-3902 WHA | Malinka Moye v. Lydia Dianne Baca |

Plaintiff's complaints were barely comprehensible and clearly frivolous. To the extent they were understandable, they alleged an illegal transfer of an estate, false imprisonment, robbery, attempted murder and/or conspiracy to commit murder, all aided by the San Francisco courts, San Francisco Police Department, San Francisco Sheriff Department and Office of the Public Defender, among others. Plaintiff was ordered to show cause why each action should not be dismissed. Although he was given two chances, he did not file responsive answers. The actions were subsequently dismissed without leave to amend on November 16, 2009, and judgments were entered.

Plaintiff has nevertheless continued to file incomprehensible and meritless motions, declarations and other filings in these actions. When they are denied, he files more motions repeating the same frivolous claims.

In addition to the seven actions before the undersigned, plaintiff has filed at least 12 other actions in this district since April 2008, including:

| | |
|---|---|
| C-09-3893 MHP | Malinka Moye v. Derrick Collins, Vince Collins, et al. |
| C-09-3898 EDL | Malinka Moye v. Big Nates Barbeque, et al. |
| C-09-3901 JCS | Malinka Moye v. Fidelity National Title Co. |
| C-08-2051 PJH | Malinka Moye v. Vince Collins, et al. |
| C-08-2053 WHA | Malinka Moye v. La Donna Rewa Duncan |
| C-08-2054 JL | Malinka Moye v. Nate Thurmond |
| C-08-2055 MEJ | Malinka Moye v. Jack Chew |
| C-08-2056 PJH | Malinka Moye v. Ratana Jiraittewanna |
| C-08-2057 VRW | Malinka Moye v. Myriad Ventures Inc. d/b/a Bay Car Stereo |
| C-08-2125 WHA | Malinka Moye v. Linda Brewer Stockdale |
| C-08-2124 SBA | Malinka Moye v. Lydia Baca |
| C-08-2126 SBA | Malinka Moye v. City and County of San Francisco, et al. |

In each of these actions, plaintiff has sought to proceed *in forma pauperis*. In many, his application to proceed *in forma pauperis* was denied and the complaint was dismissed. The "facts" alleged in the complaints in each of the actions listed above have been no more than a paragraph consisting of short, incomplete and incomprehensible sentences. Additionally, the complaints fail to provide enough information to determine if any basis for federal jurisdiction exists. Most of these actions alleged substantially similar or the same baseless claims as in the seven actions filed on August 25 before the undersigned.

The e-filing docket of the San Francisco Superior Court lists plaintiff as a party in approximately 80 actions of various types, filed beginning in March 2002. Most of these actions were filed by plaintiff, and many of the defendants have the same names as the defendants in the actions filed in this district. On August 11, 2006, in one of these actions, *Malinka Moye v. Lydia Baca*, Case No. CGC-06-450461, plaintiff was declared a vexatious litigant pursuant to California Code of Civil Procedure §§ 391.1, 391.3 and 391.7(a), and ordered not to file any new litigation in any California state court without first obtaining leave of court.

Federal courts have the inherent power to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C.

2

1651(a), courts may restrict litigants with abusive and lengthy histories from further filing. A court may restrict such litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to oppose the order before it is entered, (2) creates an adequate record for review, (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions and (4) drafts a sufficiently tailored order. *Id.* at 1145–48.

Accordingly, plaintiff Malinka Moye must appear before this Court on **DECEMBER 17, 2009 AT 8:00 A.M.**, to respond to the following order to show cause. Additionally, plaintiff must file a written response no later than **DECEMBER 10, 2009, AT NOON** addressing why plaintiff should not be declared a vexatious litigant and barred from filing further papers in the seven actions before the undersigned that began on August 25, or in new actions in the Northern District of California against the same defendants or alleging substantially similar claims, without pre-filing review.

**IT IS SO ORDERED.**

Dated: November 30, 2009.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3